PER CURIAM.
These consolidated disciplinary proceedings by The Florida Bar against Stephen G. Davidson, a member of The Florida Bar, are presently before us on complaints of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to The Florida Bar Integration Rule 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1) The respondent, Stephen G. Davidson, is and at all times after mentioned was a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
COUNT I (Case 60,771)
2) There was a contract executed between Edward and Sally Bosse and Henry and Rosalie Dee on February 23, 1978; this contract was for the sale of a condominium unit in the Garden Lakes development owned by the Dees.
3) The Respondent was retained by the Dees to handle the legal aspects of the Dee’s sale of their condo unit to the Bosses.
4) The Respondent did handle the transaction; the Bosses initially did not retain an attorney; the Respondent told the Bosses at least once that he could not properly represent both sides in a closing of a real estate sale; yet the Bosses did not retain their own counsel, leaving the respondent the sole attorney involved, and the Bosses through what the Dees told them the Respondent would “take care of everything”; Respondent from his actions led the Bosses to believe Respondent would “take care of everything”, including recording of the deed; this all taking place between February 1978 and January 1979.
5) After the closing in January 1979, the Respondent failed to record the Deed showing the transfer of property from the Dees to the Bosses, even after repeated calls from the Bosses, many of which went unheeded and unreturned.
6) Finally in October of 1979, the Bosses retained attorney Jay S. Levine to assist them in getting the deed recorded; the Respondent did have an executed quick claim deed in his possession for a number of months, never recording it.
7) Attorney Levine finally obtained a properly executed warranty deed and had it recorded on December 20, 1979.
8) The respondent’s action in failing to complete the closing as he indicated he would, cost the Bosses, besides financially, considerable embarrassment, concern and effort to finally get their purchase closed as they thought it was in January 1979.
COUNT II
9) The Bar decided not to proceed on this count and it is therefore stricken from the Petition.
COUNT III
10) The Respondent represented a Mr. A.C. Clewis who purchased property from one Mr. Carl Schramm.
11) On March 26, 1978, the respondent issued a check for $600.00 from his trust account to Mr. Schramm; the $600.00 had been received from Mr. Clewis, who the respondent says was a “business friend” and not a client and the respondent was just helping him out.
12) The respondent closed his trust account at Hobe Sound National Bank in July 1978.
13) In January 1979 Mr. Schramm discovered the account on which the check of $600.00 he had been issued was closed and he could not cash his check; Mr. Schramm contacted the respondent numerous times to obtain another check; the respondent gave Mr. Schramm the impression he would give him another check — but respondent refused.
14) After a grievance committee hearing on this matter was held on February 17, *968 1981, the respondent paid Mr. Schramm $600.00, with some interest.
15) The respondent does not possess his trust account records regarding the trust account at Hobe Sound National Bank.
COUNT I (Case 62,186)
16) The respondent was admitted to practice law in the State of Florida on December 2, 1968; on August 20, 1981, the respondent’s Bar address was 125 Worth Avenue, Palm Beach, Florida, 33480; on September 18, 1981, the respondent’s Bar address was 333 Evernia Street, West Palm Beach, Florida, 33401; to the present there has never been any notice sent to the Bar of any change of address.
17) On October 1, 1980, the respondent was suspended from the practice of law by The Florida Bar; reason: failure to pay annual dues;
18) A Certified notice of dues was sent to 125 Worth Avenue, Palm Beach, Florida on August 27, 1981; the notice was returned to the Bar on September 18, 1981, marked unclaimed.
19) On February 23, 1982, the Bar received a letter from the respondent dated February 16, 1982; in the letter a check of $350.00 was enclosed, the check was for dues and fees; a reinstatement petition was sent by the Bar to the respondent with instructions advising him on how to petition the Bar for reinstatement; the respondent never returned the petition.
20) On April 19, 1982, the Bar’s Virginia Hardison called the respondent’s office and was advised he was not in and asked the respondent’s secretary, Tammy McKenna, to tell the respondent to return her call; the Bar never received a return call.
21) On April 26, 1982, the Bar wrote to the respondent informing him that no further steps could be taken toward reinstatement until the completed petition was received; respondent did not respond.
22) On June 14, 1982, the Bar returned the respondent’s $350.00 check to 333 Ev-ernia Street, West Palm Beach, Florida, 33401.
23) On September 1, 1982, the Bar sent respondent a certified notice; the certified statement was signed by Tamara McKenna on September 9, 1982; to this date the Bar has received no request for reinstatement information by the respondent who has remained suspended from the practice of law from October 1, 1980, to the present.
24) The respondent admits he practiced law in Florida until February 1982, when the Grievance Committee Hearing was held.
The referee recommends that respondent be found guilty as to Counts I and III in Case No. 60,771 and Count I in Case No. 62,186 and recommends that the discipline in both cases be that respondent is suspended from the practice of law in Florida for a period of one (1) year, effective this date. The respondent must petition the Bar for reinstatement, paying all accumulated back dues and late fees required.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Stephen C. Davidson, is hereby suspended from the practice of law in the State of Florida for a period of one (1) year effective immediately-
Costs in the amount of $2,141.54 are hereby taxed against respondent.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, MCDONALD and EHRLICH, JJ., concur.